UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Gerald Arich<br><br>    Plaintiff<br><br><br>VS.<br><br>Metro-North Railroad Company<br><br>    Defendant | Civil Action<br>No: 3:02CV00958(WWE)<br><br><br><br>November 5, 2004 |

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO METRO-NORTH'S MOTION TO PRECLUDE EXPERTS

At the *Daubert* Hearing conducted in this case on November 1, 2004, Metro-North and its

medical expert Dr. Maxfield relied on certain facts and information that had not been identified in

Dr. Maxfield's Rule 26(a) written report and that had not been mentioned at his deposition or the

deposition of Dr. Cullen.  Accordingly, the plaintiff respectfully asks that the Court allow Dr. Cullen

to address that information in the form of a supplemental written report, a copy of which is attached

as Exhibit 1.

FOR THE PLAINTIFF,

BY _____

Charles C. Goetsch
CAHILL & GOETSCH, P.C.
43 Trumbull Street
New Haven, Connecticut  06511
(203) 777-1000
[ct 00776]

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was mailed, postage prepaid to:

Charles A. Deluca, Esq.
Ryan Ryan Johnson & Deluca
80 Fourth Street, P.O. Box 3057
Stamford, CT 06905

on this _____5th_____ day of November, 2004.

_____
Charles C. Goetsch

# Yale University

**Occupational and Environmental Medicine Program**
School of Medicine
135 College Street, 3rd Floor
New Haven, Connecticut 06510-2483
203 785-6434
Fax: 203 785-7391

November 5, 2004

**Mark R. Cullen, M.D.**
*Program Director*

Mr. Charles Goetsch
Cahill & Goetsch, P.C.
Attorneys at Law
43 Trumbull St.
New Haven, CT 06511

Re:    Gerald Arich

Dear Mr. Goetsch:

After the session with Judge Fitzsimmons Monday, I have reviewed for my own edification the physiologic reason why, in general, particles greater than 5 microns in smallest diameter rarely penetrate into the bronchiolar tree. I had been under the misapprehension all along this was because of the small size of these lower airways; however, on review, the reason is that larger particles almost always impact on one or another of the many bifurcations as they descend, hence are deposited and travel no further, even though in theory they are small enough to fit.

In light of this, the question becomes how a large dust particle from the fire extinguisher material to which Mr. Arich was exposed might have reached a bronchiole. First, let me remind you that the dust itself is comprised of a wide range of particle sizes, ranging from large particles you can readily see all the way down to very fine particles— invisible— less than 5 microns in size. So how in a case like this could a particle large enough to occlude or partially occlude an airway of 500 microns get down? The answer relates back to the circumstance of exposure, in which a sudden gust of wind drove the dust into the air at high speed including, in my view, rapidly down his airway. Far more rapidly, in fact, than in the usual situation where we inhale dust or smoke or other harmful materials in air— more, in fact, like the exposure in a sandstorm, a type of exposure in which we know particles do occasionally reach into the lower airway tree. I believe such a particle from the fire extinguisher dust of this size likely occluded a bronchiole and thereby caused Mr. Arich's injury.

In considering that such a large particle may in this way have been forced down the airway, I was able to resolve for myself an issue for which I did not have a simple answer, and which no one has raised in the proceeding, namely why this event happens so rarely. I had previously attributed this to a combination of Mr. Arich's underlying COPD and bad luck. But both COPD and bad luck are common, and this outcome of an exposure is, as we discussed, extremely uncommon. Again, I think the answer lies at least in part in the circumstance of exposure, namely the higher velocity of the particles literally blowing into his nose and mouth rather then the usual exposure situation.

Sincerely,

Mark R. Cullen, M.D.
Professor of Medicine and Public Health

MRC:lo



EXHIBIT 1